**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

WODIKA DEVINE, INC.,

      Plaintiff,

v.                                       Case No. 08-12846

KUJI SPORTS CO., LTD.,

      Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S "MOTION**
**FOR SANCTIONS PURSUANT TO RULE 37"**

Pending before the court is a "Motion for Sanctions Pursuant to Rule 37," filed by Plaintiff Wodika Devine, Inc. on January 6, 2009.  The deadline for filing a response to the motion has passed, and Defendant Kuji Sports Co., Ltd. has filed no opposition brief.[1]  *See* E.D. Mich. LR 7.1.  On February 9, 2009, the court ordered Defendant to show cause by February 26, 2009 why Plaintiff's motion should not be granted.  As of February 27, 2009, Defendant has not responded.

Plaintiff filed suit against Defendant in Michigan state court, alleging that Defendant had failed to pay Plaintiff for Plaintiff's servicing, promoting, and selling of Defendant's products.  Defendant removed the action to federal court on July 3, 2008.  On or about September 24, 2008, Plaintiff served interrogatories on Defendant, pursuant to Federal Rule of Civil Procedure 33.  Defendant has not responded to the interrogatories, despite being granted several extensions of time to do so.  Defendant's

---

[1] On February 11, 2009 defense counsel certified that he attempted to transmit the court's February 9, 2009 order to show cause to Defendant.

answers to interrogatories were initially due on or about October 24, 2008. Defendant received an extension until November 7, 2008, and a second extension until December 15, 2008. The last deadline was formalized in a stipulated order that this court entered on December 15, 2008. On January 6, 2009, Plaintiff filed the pending motion to request that the court impose sanctions pursuant to Rule 37, including entering a default judgment against Defendant. Defendant did not respond to Plaintiff's motion, and the court ordered Defendant to show cause why the court should not grant Plaintiff's motion for sanctions. (2/9/09 Order.) In its February 9, 2009 order, the court specifically warned Defendant that the court would grant Plaintiff's motion and impose sanctions, "including a default judgment in favor of Plaintiff," if Defendant did not respond to the order to show cause on or before February 26, 2009. (2/9/09 Order.) To date, Defendant has failed to respond either to the motion or to the court's order to show cause.

Under Federal Rule of Civil Procedure 37, the court may impose sanctions that can include holding Defendant in contempt of court, entering default judgment against it, awarding attorney fees and costs, and combinations of these. *United States v. Conces*, 507 F.3d 1028, 1042-44 (6th Cir. 2007); *CSX Transp., Inc. v. May*, Nos. 89-6497 & 89-6498, 1990 WL 197834, *2-3 (6th Cir. Dec. 7, 1990).

Defendant has had numerous extensions of times to respond to discovery requests but has refused to do so. Defendant has also ignored the deadline imposed by the stipulated order entered by this court on December 15, 2008. Indeed, Defendant has even ceased communicating with its attorney in this case, apparently abandoning its role in this case altogether. Finally, this court gave Defendant warning in the

February 9, 2009 order to show cause that if Defendant did not respond, the court would enter a default judgment and other sanctions against Defendant. However, Defendant has not responded to the court's order to show cause. Therefore, the court finds that sanctions under Rule 37 are appropriate. *See CSX Transp.*, 1990 WL 197834, *2 (finding that default judgment is particularly warranted when a court is confronted with a history of failures to respond to discovery, rather than an isolated instance). Specifically, the court will grant Plaintiff's motion as to the request for default judgment and the request for attorney fees and costs expended as a result of filing Plaintiff's motion for sanctions. Accordingly,

IT IS ORDERED that Plaintiff's "Motion for Sanctions Pursuant to Rule 37" [Dkt. # 11] is GRANTED. Specifically, IT IS ORDERED that Plaintiff's requests for (1) default judgment against Defendant and (2) attorney fees and costs in making Plaintiff's motion are GRANTED.[2] A separate judgment will issue.[3]

                                              s/Robert H. Cleland
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated: February 27, 2009

---

[2] Under separate order, the court will set forth for the procedures and deadlines for determining attorney fees and final damages.

[3] The court will direct the Clerk of the Court to enter the default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) and will determine damages at a later date. *See Burkhart v. Woodall*, No. 96-5324, 1997 WL 56965 (6th Cir. Feb. 10, 1997). Thus, the judgment may be subsequently supplanted with a judgment that includes a quantification of damages.

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 27, 2009, by electronic and/or ordinary mail.

s/Lisa Ware for Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522
